IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TITO HASHAKIMANA,<br><br>                    Plaintiff,<br>v.<br><br>OFFICE OF RECOVERY SERVICES et al,<br><br>                    Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:22-cv-00010-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). Before the court is Defendant Office of Recovery Services's (ORS or Defendant) Motion to Dismiss (Motion) (ECF 14) for lack of jurisdiction and failure to state a claim.[1] Having carefully considered the relevant filings, the court find that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth herein, the undersigned RECOMMENDS that the court GRANT Defendant's Motion (ECF 14) and dismiss Plaintiff's case without prejudice.

**BACKGROUND**

Plaintiff Tito Hashakimana (Plaintiff or Mr. Hashakimana), proceeding *pro se*, filed his Complaint against ORS and Natisha Nicole Bitsinnie (Defendant Bitsinnie)[2] on January 6, 2022 (Complaint) (ECF 1). In his Complaint, Mr. Hashakimana asks the court to issue an injunction in his favor "to protect" his property "from being seized or deprived by an administrative income

---

[1] The court also received another motion to dismiss (ECF 13) filed before the Motion. The two motions are identical in substance and dated the same day. Because the Motion (ECF 14) was filed after the other motion (ECF 13), the court will rule on the later filed Motion (ECF 14). As such, the undersigned RECOMMENDS that the court DENY the other motion to dismiss (ECF 13) as MOOT.

[2] Defendant Bitsinnie, while named in the Complaint, has not been served as Plaintiff has filed no summons or proof of service as to this Defendant.

1

withholding order" in violation of his Fourth and Fifth Amendment Rights (ECF 1 at 1). According to Mr. Hashakimana, the state's child support debt collection agency is a part of the executive branch and is "akin to executive imprisonment causing the dispossession of property without the required judgment by peers" (*id*. at 4). Mr. Hashakimana also alleges that the child support order against him violates his Fourth and Fifth Amendment Rights by having his property seized without a warrant and that "equal protection of law requires this court to issue an injunction" (*id*. at 6–8). In its Motion, ORS attaches a copy of the Judgment of Paternity (ECF 14-1) to clarify this matter concerns a judgement of paternity for Plaintiff and Defendant Bitsinnie and that a support order requiring Plaintiff to pay child support beginning April 2019 was entered as of March 9, 2022.[3]

The court received ORS's Motion on April 5, 2022. Mr. Hashakimana failed to file an appropriate Response to the Motion and the time to do so has expired. He did however file three different notices to the court on April 20, 2022: (1) a "Notice of Petition Write of Certiorari Writ of Mandamus Writ of Prohibition," which appears to be a restatement of the claims alleged in the Complaint in that it asks for judicial review that the state child support enforcement is without judicial powers and there were constitutional violations (ECF 15); (2) a Notice for Non-Statutory Writ of Habeas Corpus where Plaintiff argues he is entitled to a trial, entitled to not be physically restrained, and makes other legal arguments relevant to his claims (ECF 16); and (3) a Notice to Court to Take Judicial Notice where Plaintiff cites to case law and Rules of Evidence arguing he

---

[3] Defendant ORS attached and presumptively requests that the court take judicial notice of the proceedings in *State of Utah v. Tito Hashakimana and Natisha Nicole Bitsinnie* (ECF 14-1). The court finds that these proceedings directly relate to the case at hand and therefore grants Defendant ORS unopposed request. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation and internal quotation marks omitted). Thus, consideration of these proceedings in resolving Defendant ORS Motion to Dismiss is appropriate. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment." (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))).

is entitle to a writ of habeas corpus (ECF 17). None of these filings address any of the arguments raised in the Motion by the ORS. As such, despite considering them, the notices are not dispositive to the court's analysis of the Motion (ECF 15-17).

ORS moves to dismiss Plaintiff's case under Federal Rule of Civil Procedure 12(b)(1) & (6) (ECF 13 at 1). ORS argues Mr. Hashakimana's case must be dismissed for lack of diversity jurisdiction under Rule 12(b)(1), because "Plaintiff's claims are barred by the *Younger* abstention doctrine," and because "Defendant is entitled to" immunity under the Eleventh Amendment (*id*. at 2). Separately, ORS argues that Mr. Hashakimana's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim and because there "is a valid Utah court order" enforcing "a child support obligation" against Mr. Hashakimana (*id*.). Because the court agrees the case should be dismissed under Rule 12(b)(1), it will not address arguments under Rule 12(b)(6).

## **LEGAL STANDARDS**

Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction for cases arising under federal law, and Section 1332 provides diversity jurisdiction for cases involving diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331, 1332.

For federal question jurisdiction under § 1331, "the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citations and internal

quotation marks omitted). "[J]urisdiction under § 1331 exists only where there is a 'colorable' claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)).

To establish diversity jurisdiction under § 1332, "a party must show that complete diversity of citizenship exists between the adverse parties." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)) (internal quotation marks omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id*. The amount in controversy must also exceed $75,000. *Id*.

The court "must [also], sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (quoting *Tafoya v. United States Department of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).

The *Younger* abstention doctrine arises from *Younger v. Harris*, 401 U.S. 37 (1971), and prevents courts from exercising federal jurisdiction where there is a parallel pending state criminal proceeding. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The *Younger* abstention doctrine also applies to certain state civil proceedings akin to criminal prosecutions, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 (1975), or proceedings implicating a state's interest in enforcing its courts orders and judgments, *see Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987).

In undertaking this analysis, the court is mindful that Plaintiff is acting *pro se* and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a *pro se* plaintiff "still has the burden

of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). Although the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). With these standards in mind, the court turns to Mr. Hashakimana's Complaint and ORS's Motion.

## ANALYSIS

### a. This court has Federal Question Jurisdiction as to ORS.

Defendant begins the Motion by arguing that the court is without the power to "exercise Subject Matter Jurisdiction over Plaintiff's Petition" and Plaintiff's case should be dismissed due to a lack of diversity of citizenship (ECF 13 at 4). Although Defendant accurately asserts that the two requirements for the court to exercise diversity jurisdiction over Plaintiff's case are not alleged in the Complaint, diversity jurisdiction is not the only way this court could exercise subject matter jurisdiction over Plaintiff's case. *See id.*; 28 U.S.C. § 1331. In fact, as far as the court understands Plaintiff's Complaint, Plaintiff seems to focus his request for an injunction on a violation of his Fourth and Fifth Amendment rights under the U.S. Constitution (ECF 1 at 1). While it is not clear that Plaintiff specifically refers to 42 U.S.C. § 1983 in the Complaint, the court concludes he appears to be seeking redress for alleged constitutional violations, at least against ORS, of his Fourth and Fifth Amendment rights pursuant to § 1983. Because Plaintiff has sufficiently alleged federal question jurisdiction for constitutional rights violations, Defendant's first argument that Plaintiff's case should be dismissed for a lack of subject matter jurisdiction fails as to ORS.

5

### b. Plaintiff's Case Should Be Dismissed Under the *Younger* Abstention Doctrine.

For their second argument, Defendant relies on the *Younger* abstention doctrine, and argues that "a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action." *See Younger v. Harris*, 401 U.S. 37 (1971); (ECF 13 at 4). The court agrees the *Younger* abstention doctrine applies in this case. Under Tenth Circuit precedent, a district court must abstain from exercising jurisdiction over a case if:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colorado Bd. Of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). The court finds that all three of the elements set forth in *Amanatullah* are present here.

> i. *State child support collection and enforcement actions constitute ongoing proceedings under the Younger abstention doctrine.*

Defendant argues that Plaintiff's child support order constitutes "an on-going State Court case" because the state court continues to retain jurisdiction over such domestic matters under Utah Code Ann. § 30-3-5(4)" (ECF 14 at 5-6). Although Defendant cites to the wrong subsection of the statute, Utah Code Ann. § 30-3-5(5) states that once a child support order has been entered by a state court, the "court has continuing jurisdiction to make subsequent changes or new orders for the custody of a child and the child's support, maintenance, … for debts as is reasonable and necessary." *See* Utah Code Ann. 30-3-5(5). Because the state court continues to have the authority to make changes to Plaintiff's child support order, the court agrees there is an on-going state court case over this domestic matter.

Additionally, this court and the District of Kansas have reached similar conclusions when addressing this issue. In *Smith*, this court held that because the plaintiff alleged in their complaint that their "wages continue[d] to be garnished, and both agencies continue to compute, record, and enforce interest and principal arrearages allegedly owed to the Plaintiff's former spouse," the state child support collection and enforcement proceedings were ongoing, and the first element required for abstention under the *Younger* abstention doctrine was met. *Smith v. Church*, No. 2:09-cv-106-TC-SA, 2011 WL 4001153, at *7 (D. Utah Aug. 3, 2011), *report and recommendation adopted*, 2011 WL 4006757 (D. Utah Aug. 31, 2011). Similarly, in *Phillips*, the court found the first element was met because "a proceeding is pending if—as of the filing of the federal complaint—not all state appellate remedies have been exhausted." *See Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215 (D. Kan.), *aff'd*, 315 F. App'x 43 (10th Cir. 2008) (collecting cases); *see also Huffman*, 420 U.S. at 609 (*Younger* abstention doctrine must be met to justify federal intervention in state judicial proceeding where losing litigant has not exhausted state appellate remedies).

Here, despite Plaintiff's Complaint not directly alleging that his wages are being garnished, the Judgment of Paternity, which the court takes judicial notice of, states a child support amount will be withheld, that the support obligations continue through the end of the month the child becomes 18 years of age or graduation, whichever is later, and the child was born November 2013 (ECF 14-1). The Complaint itself attaches a wage stub demonstrating child garnishment, which the court may consider (ECF 14-1 & ECF 1–3). *See Davis v. Utah*, No. 2:18-CV-926 TS-PMW, 2019 WL 2929770, at *1 (D. Utah July 8, 2019), *aff'd*, No. 20-4042, 2021 WL 3930277 (10th Cir. Sept. 2, 2021) (stating that in considering a motion to dismiss, a court can review exhibits attached to Complaint that are not disputed). Accordingly, the same reasoning as *Smith* applies here, as

Plaintiff attached an earnings statement from his job at the time of the filing (ECF 1-3 at 1), indicating to the court that his wages are being garnished. *Smith*, 2011 WL 4001153 at *7.

Finally, the court notes the Plaintiff did not respond or make allegations or arguments to the contrary, which also supports dismissal. *See, e.g.*, *Davis*, 2019 WL 2929770, at *7 ("Defendants also seek dismissal of Plaintiffs' freedom of association claim. Plaintiffs have failed to respond to this argument. Therefore, the Court will dismiss this claim"); *Knudsen v. Countrywide Home Loans, Inc.*, No. 2:11-cv-429-TS, 2011 WL 3236000, at *2 (D. Utah July 26, 2011) ("Plaintiff has failed to respond to Defendants' arguments concerning his negligent misrepresentation claim. Therefore, the Court finds that Plaintiff has abandoned this claim and it will be dismissed"). Plaintiff has also failed to raise or show to the court how "not all state appellate remedies have been exhausted," meaning that Plaintiff's state court case is still a "pending" proceeding under the first element of the *Younger* abstention doctrine. *Phillips*, 535 F. Supp. 2d at 1215.

> ii. *Plaintiff has not shown that state courts are not adequate forums to hear his case.*

Also consistent with *Smith*, the court finds the second *Younger* abstention doctrine element is met because of Plaintiff's failure to show that a state court in not an "adequate" forum "to hear the claims raised in" his Complaint. *Smith*, 2011 WL 4001153, at *7 (finding the second element was met because "Plaintiff has not set forth information showing otherwise").

> iii. *The State of Utah has important state interests in adjudicating domestic relations actions and their enforcement.*

Lastly, several cases from this and other jurisdictions have held that states have an "important interest in enforcement of domestic relations orders which are registered in the state." *See Phillips*, 535 F. Supp. 2d at 1216; *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he whole subject of domestic relations of husband and wife, parent and child, belongs to laws

of states and not laws of United States." (citing *Ex Parte Burrus*, 136 U.S. 586 (1890))); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are traditional area of state concern."); *Williams v. Jewell*, 107 F.3d 881, at *2 (10th Cir. Mar. 7, 1997) ("[I]ssues involving family relations pose questions of important state interest." (citing *Moore v. Sims*, 442 U.S. 415, 435 (1979))). Despite Plaintiff invoking constitutional rights language in his Complaint, this does not change the nature of Plaintiff's case, as this case involves domestic relations matters, and intervening would "require that a federal court review prior decisions made in state domestic relations actions, such as divorce, child custody, and child support." *Smith*, 2011 WL 4001153 at *7. As such, the court finds that State of Utah has important state interests in adjudicating over domestic relation actions, and the third element for the *Younger* abstention doctrine is met.

> iv. *There are no extraordinary circumstances to avoid the application of the Younger abstention doctrine.*

Even when the three elements in the *Younger* abstention doctrine are met, a court can retain jurisdiction where "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman*, 420 U.S. at 611. Here, however, Plaintiff has failed to allege that the pending state proceeding is "motivated by a desire to harass or is conducted in bad faith," *id.*, and so the court "cannot find any extraordinary circumstances which would permit it to avoid application of the *Younger* doctrine." *Phillips*, 535 F. Supp. 2d at 1217.

Because the elements of the *Younger* abstention doctrine are met in this case, and Plaintiff has not alleged any extraordinary circumstances, this court should abstain from hearing this matter, and Plaintiff's Complaint should be dismissed without prejudice.

## RECOMMENDATION

The undersigned RECOMMENDS that the court GRANT Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF 13) and Plaintiff's Complaint be dismissed without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 13 January 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah